RECEIVED
IN ALEXANDRIA, LA
NOV 17 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**JAMES ROUGLEY (D.O.C. #242262)**     DOCKET NO. 10-CV-1394; SEC. P

**VERSUS**                              JUDGE DEE D. DRELL

**LYNN COOOPER, ET AL.**                MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

*Pro se* plaintiff James Rougley filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is currently incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. He complains that he was wrongfully charged with a disciplinary violation resulting in the loss of good time. He seeks monetary damages, the expungement of the disciplinary conviction, and the restoration of good time credits. He names as defendants Warden Lynn Cooper, James M. LeBlanc, and Linda Ramsey.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

Plaintiff complains that on January 4, 2010, at 1:00 p.m., "work call" was called out while the temperature outside had dropped to the point where it was sleeting. As Plaintiff exited the dorm to report to work, "a number of the offenders were complaining to security of the extreme temperature outside...."

[Doc. #1, p.3] Plaintiff alleges that he stated to Chief Lachney that he had no problem working, but adequate clothing must be provided first. "Based on Plaintiff's statement to the Chief, Plaintiff was escorted to the cell blocks...." [Doc. #1, p.3]

### Law and Analysis

1. **Heck Barred**

The Supreme Court of the United States has determined that in order to recover damages for allegedly unconstitutional imprisonment (as Plaintiff seeks to do here), a civil rights plaintiff must prove that ***the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.*** See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641 (1997)(extending Heck to prison disciplinary proceedings). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Id.

Thus, if a prisoner seeks damages for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of Heck, he is barred from any recovery and fails to state a claim upon which relief may be granted. See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000). It is clear that Plaintiff's disciplinary conviction has **not** been reversed,

expunged, or declared invalid, as he is requesting such relief in this case. Thus, Plaintiff's claim for money damages is barred under Heck v. Humphrey and Edwards v. Balisok.

## 2. Restoration of Good Time

Next, Plaintiff seeks to have his good time credits restored and his disciplinary conviction overturned. Such relief is not available by way of a civil rights action. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(A prisoner may not recover good time credits in a §1983 suit.) A §1983 action is appropriate for recovering monetary damages; however, a *habeas* action is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir.1994).

However, before filing a petition for writ of habeas corpus in federal court, **a state prisoner must exhaust available state court remedies**[1] as to each and every ground upon which he claims

---

[1] Specifically:
(1) The challenge must first be brought through the Department's administrative grievance process. La. R.S. 15:1176.
(2) Then, if the administrative remedies procedure is unsuccessful, the inmate can seek judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15.
(3) If unsuccessful at the district court level, the inmate can appeal the decision of the Nineteenth Judicial District Court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1).
(4) Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

entitlement to *habeas corpus* relief. See <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956 (1987); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). Generally, the habeas exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. <u>Dupuy v. Butler</u>, 837 F.2d 699, 702 (5th Cir.1988). That is, **the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant *before* those claims are heard in federal court.** <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. <u>Thomas v. Collins</u>, 919 F.2d 333, 334 (5th Cir.1990); <u>Bautista v. McCotter</u>, 793 F.2d 109, 110 (5th Cir.1986).

In sum, a habeas petition is the proper vehicle for challenging the fact or duration of incarceration. **However, Plaintiff should ensure that the forgoing steps have been accomplished *before* filing such habeas corpus petition in the appropriate federal court.**

## Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and**

Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 17th day of November, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE